# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SHAWN BOLDEN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-391 (MTT) |
| ALL CARE HOME HEALTH, LLC, | ) |
| Defendant. | ) |

## ORDER

Plaintiff Shawn Bolden and Defendant All Care Home Health, LLC jointly move for the Court to approve their settlement. Doc. 19.

In *Lynn's Food Stores, Inc. v. United States*, the Eleventh Circuit explained:

> Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

679 F.2d 1350, 1355 (11th Cir. 1982); *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013). In addition to scrutinizing the parties' proposed settlement for fairness, the FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). As another court explained, reviewing a FLSA settlement for fairness requires that

the parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute. The parties' motion (or presentation at a hearing) must describe the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours worked or rate of pay) resolved by the compromise. Parties wishing to compromise a coverage or exemption issue must describe the employer's business and the type of work performed by the employee. The employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages. If the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage. In any circumstance, the district court must ensure the bona fides of the dispute; implementation of the FLSA is frustrated if an employer can extract a disproportionate discount on FLSA wages in exchange for an attenuated defense to payment.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–42 (M.D. Fla. 2010). Here, the amended complaint describes specific hours and rates. Doc. 4-1. However, the parties have not informed the Court of the nature of potential defenses[1], and the Court has no information regarding the reasonableness of attorney's fees and expenses—not even the ubiquitous affidavit attesting to the reasonableness of attorney's fees. *See Silva*, 307 F. App'x 349, 351 (11th Cir. 2009). Without that information, the Court cannot discharge its duty of determining whether the settlement agreement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d 1350, 1355 (11th Cir. 1982). The parties, therefore, are **ORDERED** to supplement their motion with sufficient information for the Court to assess the fairness of the settlement and the reasonableness of the allowance for attorney's fees.

**SO ORDERED**, this 23rd day of June, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The motion refers to "evidence that Plaintiff was subject to certain exemptions under the FLSA," but the Court does not know what those exemptions are. Doc. 19 at 3.